1  JOSEPH C. HOWARD, JR. [SBN: 050784]
   TODD H. MASTER [SBN: 185881]
2  HOWARD ROME MARTIN & RIDLEY LLP
   1775 Woodside Road, Suite 200
3  Redwood City, CA 94061
   Telephone: (650) 365-7715
4  Facsimile: (650) 364-5297

5  **Attorneys for Defendants**
   CITY OF SOUTH SAN FRANCISCO;
6  CHIEF MARK RAFFAELLI, individually and in his
   official capacity; LIEUTENANT MIKE REMEDIOS, individually
7  (sued herein as SGT. MIKE REMEDIOS);
   CORPORAL KEN CHETCUTI, individually (erroneously sued herein
8  as CORPORAL KEN CHECUTI)

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALFIORNIA

11
   RAAD HALTEH,                          Case No. C 07 5130 MJJ
12
              Plaintiff,
13                                       **DEFENDANTS' ANSWER TO
        vs.                              PLAINTIFF'S COMPLAINT**
14
   CITY OF SOUTH SAN FRANCISCO; CHIEF
15 MARK RAFFAELLI, individually and in his
   official capacity; SGT. MIKE REMEDIOS,   **NOTICE OF INTENT TO SEEK
16 individually; CORPORAL KEN CHECUTI,      ATTORNEYS' FEES**
   individually, and DOES 1 through 50,
17
              Defendants.
18                                          **DEMAND FOR JURY TRIAL**

19

20      COME NOW defendants CITY OF SOUTH SAN FRANCICO ("CITY"), CHIEF MARK

21 RAFFAELLI ("RAFFAELLI"), LIEUTENANT MIKE REMEDIOS ("REMEDIOS") (sued herein

22 as SERGEANT MIKE REMEDIOS), and CORPORAL KEN CHETCUTI

23 ("CHETCUTI")(erroneously sued herein as CORPORAL KEN CHECUTI), and in answer to the

24 complaint on file herein, admit, deny and allege as follows.

25 ///

26                                      1

---

ANSWER TO COMPLAINT; Case No C 07 5130 MJJ

## JURISDICTION AND VENUE

1. Answering the allegations contained in Paragraph 1 of the Complaint, defendants admit that plaintiff's claim arises under 42 U.S.C. § 1983, that jurisdiction arises under 28 U.S.C. §§ 1331 and 1343, and that venue is proper in the Northern District of California. Defendants further admit that the actions giving rise to this litigation occurred within the City of South San Francisco, State of California. Defendants deny each and every other allegation contained therein.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

## IDENTIFICATION OF PARTIES

3. Answering the allegations contained in Paragraph 3 of the Complaint, defendants allege that they are without sufficient information or belief to enable them to answer the allegations of that paragraph and, basing their denial on that ground, deny the allegations therein.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Answering the allegations contained in Paragraph 5 of the Complaint, defendants admit that RAFFAELLI is the CITY's Chief of Police and held that position at the time of the incident giving rise to this suit. Defendants deny each and every other allegation contained therein.

6. Defendants admit the allegations contained in Paragraphs 6 and 7 of the Complaint.

7. Answering the allegations contained in Paragraph 8 of the Complaint, defendants allege that they are without sufficient information or belief to enable them to answer the allegations of those paragraphs and, basing their denial on that ground, deny the allegations therein.

8. Answering the allegations contained in Paragraph 9 of the Complaint, defendants admit that RAFFAELLI, REMEDIOS, and CHETCUTI are employees of the CITY. Defendants deny each and every other allegation contained therein.

## FACTS GIVING RISE TO THE COMPLAINT

9. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

10. Answering the allegations contained in Paragraph 11 of the Complaint, defendants

2

ANSWER TO COMPLAINT; Case No C 07 5130 MJJ

REMEDIOS and CHETCUTI admit seeing plaintiff's dog and Buddy at Zamora Park. Defendants deny each and every other allegation contained therein.

11. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

12. Answering the allegations contained in Paragraph 13 of the Complaint, defendants admit that REMEDIOS and CHETCUTI identified themselves as CITY Police Officers. Defendants further admit that REMEDIOS told plaintiff to "back off" or words to that effect. Defendants deny each and every other allegation contained therein.

13. Answering the allegations contained in Paragraph 14 of the Complaint, defendants admit that plaintiff backed away from the dogs before REMEDIOS shot plaintiff's dog.

14. Answering the allegations contained in Paragraph 15 of the Complaint, defendants admit that plaintiff's dog was struck by the first shot fired by REMEDIOS and that plaintiff's dog was eventually killed after REMEDIOS fired additional shots.

15. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

16. Answering the allegations contained in Paragraph 17 of the Complaint, defendants admit that an officer from the Peninsula Humane Society came to the scene. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this paragraph and, basing their denial on that ground, deny the remaining allegations therein.

## DAMAGES

17. Answering the allegations contained in Paragraph 18 of the Complaint, defendants deny that they violated plaintiff's constitutional rights. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of this paragraph and, basing their denial on said ground, deny each and every other allegation contained therein.

18. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

3

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (Plaintiffs Against Defendants Sgt. Remedios, Corporal Chetcuti and Does 1 through 50)

20. Answering Paragraph 21 of the Complaint, these defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 20 as though fully set forth herein.

21. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

22. Answering Paragraph 23 of the Complaint, defendants admit that REMEDIOS and CHETCUTI identified themselves as police officers before REMEDIOS shot plaintiff's dog. Defendants deny each and every other allegation contained therein.

23. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (By Plaintiff Raad Halteh Against Defendants Chief Raffaelli, Sgt. Remedios, Corporal Chetcuti and Does 1 through 50)

24. Answering Paragraph 25 of the Complaint, these defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 24 as though fully set forth herein.

25. Defendants deny the allegations contained in Paragraphs 26 through 28 of the Complaint.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (By Plaintiff Against Defendants City of South San Francisco, Chief Raffaelli, and Does 1 through 50)

26. Answering Paragraph 29 of the Complaint, these defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 28 as though fully set forth herein.

27. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

///

ANSWER TO COMPLAINT; Case No C 07 5130 MJJ

### FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983
### (By Plaintiff Against Defendants Chief Raffaelli, Sgt. Remedios, Corporal Chetcuti and Does 1 through 50)

28. Answering Paragraph 31, these defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 30 as though fully set forth herein.

29. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

These answering defendants allege that the complaint fails to state a cause of action against these answering defendants.

### SECOND AFFIRMATIVE DEFENSE

These answering defendants deny any wrongdoing, negligence or liability on their part but, should it be determined that these defendants are liable to plaintiff, then these defendants allege that plaintiff was also legally at fault, and possibly others as well, and thus any recovery that might otherwise be rendered against these defendants must be reduced by that percentage which reflects the comparative fault of others.

### THIRD AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff acted with full knowledge of all the facts and circumstances surrounding his injuries and that said matters of which plaintiff assumed the risk proximately contributed to and proximately caused his injuries, if any.

### FOURTH AFFIRMATIVE DEFENSE

These answering defendants allege their acts were privileged.

### FIFTH AFFIRMATIVE DEFENSE

These answering defendants allege that at all times relevant herein, defendants acted without malice and with probable cause.

5

ANSWER TO COMPLAINT; Case No C 07 5130 MJJ

### SIXTH AFFIRMATIVE DEFENSE

These answering defendants allege that each of the acts alleged to have been committed by Defendant City of South San Francisco Police Officers were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within their legal responsibility and discretion.

### SEVENTH AFFIRMATIVE DEFENSE

These answering defendants allege that the acts complained of occurred within the scope of defendants' official duties and defendants had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of plaintiff's rights at the time they were committed.

### EIGHTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff was guilty of willful and gross carelessness, misconduct and negligence in and about the matters set forth in the complaint, and that said willful and gross behavior proximately caused and contributed to the happening of the incident and to the injuries, loss and damages complained of, and plaintiff's willful and gross behavior either bars or reduces any potential recovery.

### NINTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff by his own conduct, induced and intentionally caused and brought about the conduct of which plaintiff complains, and the injuries, loss and damages complained of, and plaintiff's intentional conduct either bars or reduces any potential recovery.

### TENTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff consented to the acts complained of in his

ANSWER TO COMPLAINT; Case No C 07 5130 MJJ

complaint and that said consent was both express and implied.

### ELEVENTH AFFIRMATIVE DEFENSE

These answering defendants allege that Defendant City of South San Francisco Officers acted with such force as was necessary in the protection of their own body and person.

### TWELFTH AFFIRMATIVE DEFENSE

These answering defendants allege that no more force was used on the plaintiff's person than was necessary to overcome resistance, prevent escape, prevent injury to the officers and to facilitate and safeguard a valid police investigation.

### THIRTEENTH AFFIRMATIVE DEFENSE

These answering defendants allege that each and every cause of action is barred by qualified immunity.

### FOURTEENTH AFFIRMATIVE DEFENSE

These answering defendants allege that this complaint is barred by the relevant portions of the California Government Code, including, but not limited to, §§ 815, 815.2, 818, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2 and 845.8(b) (3).

### FIFTEENTH AFFIRMATIVE DEFENSE

This answering defendant alleges that plaintiff's complaint, and each cause of action therein, is barred by the statutes of limitations set forth in the Code of Civil Procedure §§ 335 through 349.4 including but not limited to § 342.

### SIXTEENTH AFFIRMATIVE DEFENSE

These answering defendants contend that plaintiff's cause of action is barred by virtue of plaintiff's failure to comply with Government Code § 900, et seq. and, particularly, Government Code § 911.2.

ANSWER TO COMPLAINT; Case No C 07 5130 MJJ

### SEVENTEENTH AFFIRMATIVE DEFENSE

These answering defendants contend that plaintiff's cause of action is barred by virtue of the doctrine of unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiff has failed to mitigate the alleged damages, if any, which he claims to have sustained, and his recovery, if any, should be barred or diminished accordingly.

### NINETEENTH AFFIRMATIVE DEFENSE

These answering defendants contend that plaintiff' action is frivolous, unreasonable and without foundation and therefore defendants are entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and Code of Civil Procedure §§ 1021.7 and 1038.

WHEREFORE, these answering defendants pray that plaintiff take nothing by his complaint, for costs of suit herein, and for such other and further relief as to the Court may seem reasonable and proper.

Date: December 6, 2007          HOWARD ROME MARTIN & RIDLEY LLP


By: _____/s/ Todd H. Master_____
Todd H. Master
Attorneys for Said Defendants

/ / /

/ / /

/ / /

8

ANSWER TO COMPLAINT; Case No C 07 5130 MJJ

**NOTICE OF INTENT TO SEEK ATTORNEYS' FEES**

TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that defendants contend that plaintiff's complaint was not filed nor maintained in good faith or with reasonable cause and that these defendants are entitled to and intend to seek reasonable attorneys' fees from the plaintiff and from plaintiff attorney of record, pursuant to Title 42 U.S.C. §1988 and Code of Civil Procedure §§ 1021.7 and 1038.

Date: December 6, 2007              HOWARD ROME MARTIN & RIDLEY LLP

                                    By: _____
                                        Todd H. Master
                                        Attorneys for Said Defendants

**JURY DEMAND**

These answering defendants hereby demand a trial by jury in this action.

Date: December 6, 2007              HOWARD ROME MARTIN & RIDLEY LLP

                                    By: _____
                                        Todd H. Master
                                        Attorneys for Said Defendants

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

9

ANSWER TO COMPLAINT; Case No C 07 5130 MJJ