**JOSEPH C. HOWARD, JR. [SBN: 050784]**
**TODD H. MASTER [SBN: 185881]**
**HOWARD ROME MARTIN & RIDLEY LLP**
1775 Woodside Road, Suite 200
Redwood City, CA  94061
Telephone:  (650) 365-7715
Facsimile:   (650) 364-5297

**Attorneys for Defendants**
CITY OF SOUTH SAN FRANCISCO;
CHIEF MARK RAFFAELLI, individually and in his
official capacity; LIEUTENANT MIKE REMEDIOS, individually
(sued herein as SGT. MIKE REMEDIOS);
CORPORAL KEN CHETCUTI, individually (erroneously sued herein
as CORPORAL KEN CHECUTI)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALFIORNIA

| | |
|---|---|
| RAAD HALTEH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SOUTH SAN FRANCISCO; CHIEF MARK RAFFAELLI, individually and in his official capacity; SGT. MIKE REMEDIOS, individually; CORPORAL KEN CHECUTI, individually, and DOES 1 through 50,<br><br>　　　　　Defendants. | Case No. C 07 5130 MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Date:  September 19, 2008**<br>**Time: 10:30 a.m.**<br>**Dept.: Courtroom 7, 19th Floor** |

The parties in the above-entitled action jointly submit Case Management Statement and request that the Court adopt it as its Case Management Order in this case.

**1.     Jurisdiction and Service**

Plaintiff's claim arises under 42 U.S.C. § 1983.  Jurisdiction arises under 28 U.S.C. §§ 1331 and 1343.  Venue is proper in the Northern District of California.  All parties have been served.

1

---

JOINT CASE MANAGEMENT CONFERENCE STATEMENT; Case No C 07 5130 MMC

## 2. Facts

This action arises out of the shooting death of plaintiff Raad Halteh's dog by a South San Francisco police officer. Plaintiff has named the City of South San Francisco ("City"), Mark Raffaelli (the City's Chief of Police), Lieutenant Mike Remedios ("Remedios"), and Corporal Ken Chetcuti ("Chetcuti") as defendants.

At approximately 4:35 p.m. on September 25, 2006, Halteh took his dog, Angel (a Boxer/Bull Terrier mix), to Zamora Park in South San Francisco. Upon arriving at the park, he let Angel off leash. The only other person at the park at the time was Shiu Remedios ("Shiu"), who was with her dog, Buddy (an Australian Cattle dog mix). Shiu is married to Remedios and lives right next to the park. Both dogs ran around the park unleashed for a few minutes.

At approximately 4:43 p.m., Shiu put Buddy on leash and went to leave the park. This is where Shiu and plaintiff's version of the events diverge.

Shiu claims that, as she went to leave, Angel, who was still off leash, attacked Buddy, jumping on Buddy's back and biting him in the neck/head area. She claims that she and plaintiff pulled, kicked, punched and screamed at Angel in an attempt to stop the attack. She hit Angel with a closed fist in a hammer style strike and kicked Angel with all her might while screaming. Angel did not respond.

Plaintiff claims that the dogs were engaged in aggressive, playful interaction.

While the foregoing was occurring, Chetcuti was driving Remedios to his home, which is adjacent to Zamora Park. Both had just finished their shifts at the South San Francisco Police Department, were off duty, and dressed in plain clothes. As they approached the final turn onto Remedios' street (Zamora Drive, which terminates at Zamora Park), they heard screaming from the direction of Zamora Park. As they reached the end of Zamora Drive (the park entrance), they saw what they believed to be a pit bull dog attacking another dog.

The officers claim that, from what they observed, it was clear that neither Halteh nor Shiu

2

---

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

were having any success in halting what they perceived to be an attack by Angel on Buddy. Recognizing that Halteh and Shiu were not able to stop the attack, and fearing for the safety of everyone involved, Remedios ran back to Chetcuti's vehicle and retrieved his off-duty weapon. Remedios returned to the scene and upon seeing that the attack was continuing, he identified himself as a police officer and warned Halteh and Shiu to back away from the dogs. Remedios then shot Angel. The initial round had no impact on Angel, so Remedios fired additional shots, which eventually incapacitated Angel.

Halteh claims that Remedios and Chetcuti instantly came to the conclusion that his dog was out of control and that deadly force was indicated. Plaintiff, while separating the dogs, was ordered to "step aside." Remedios and Chetcuti identified themselves as South San Francisco police officers. Plaintiff responded to their order while Remedios fired his weapon into Angel. Angel was wounded by the first shot, and then Remedios fired several more shots, killing Angel.

Halteh alleges that Angel presented no danger to either officer or to any other person. He further alleges that Buddy received little if any medical veterinary treatment and displayed no visual evidence of injury.

### 3.    **Legal Issues**

\*    Whether Remedios and Chetcuti violated Halteh's Fourth Amendment rights by their actions on September 25, 2006.

\*    Whether Remedios and Chetcuti's actions constituted excessive force as against plaintiff.

\*    Whether Remedios and Chetcuti are entitled to qualified immunity.

\*    <u>Monell</u> and failure to train claims against the City and Chief Raffaelli.

\*    Whether the actions of any Defendant were the legal cause of any of Plaintiff's damages.

\*    Whether Plaintiff can establish entitlement to punitive damages.

3

JOINT CASE MANAGEMENT CONFERENCE STATEMENT; Case No C 07 5130 MMC

\*      Whether Plaintiff or Defendants are entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and/or whether Defendants are entitled to recover their costs and attorneys' fees pursuant to California Code of Civil Procedure §§ 1021.7 and 1038.

**4.     Motions**

There have been no motions filed to date.  Defendants anticipate filing a Motion for Summary Judgment once they have completed written discovery and plaintiff's deposition.

**5.     Amendment of Pleadings**

N/A

**6.     Evidence Preservation**

Defendants have preserved their investigation file concerning the incident.

**7.     Disclosures**

The parties have fully complied with the initial disclosure requirements of FRCP 26.

**8.     Discovery**

The parties have exchanged some initial written discovery and plaintiff's deposition has been taken.  Other depositions have been noticed and taken off calendar for the time being in light of plaintiff's counsel's criminal trial schedule.  They will be put back on calendar once plaintiff's counsel's calendar clears.

**9.     Class Actions**

N/A

**10.    Related Cases**

N/A

**11.    Relief**

Plaintiff claims that he was physically, mentally, emotionally and financially injured and damaged as a proximate result of defendants' conduct.  He also claims to have suffered the

4

violation of his constitutional rights and the loss of the sense of security, dignity and pride as a citizen. He is seeking punitive damages against the individual and named defendants.

### 12. Settlement and ADR

The parties participated in mediation pursuant to ADR Local Rule 6 with Jonathan Schmidt as mediator. The case did not settle.

### 13. Consent to Magistrate Judge for All Purposes

Defendants do not consent to an assignment of this case to a United States Magistrate Judge for trial.

### 14. Other References

N/A

### 15. Narrowing of Issues

The parties anticipate that issues may be narrowed after some initial discovery has been conducted.

### 16. Expedited Schedule

N/A

### 17. Scheduling

The parties propose the following schedule for discovery and trial:

| | |
|---|---|
| Non-expert discovery cut-off: | December 31, 2008 |
| Expert Disclosure: | January 16, 2009 |
| Rebuttal Expert Disclosure: | February 6, 2009 |
| Expert Discovery Cut-Off: | February 13, 2009 |
| Last Day to File Dispositive Motions: | February 20, 2009 |
| Pretrial Conference: | May 1, 2009 |
| Trial: | May 11, 2009 |

5

JOINT CASE MANAGEMENT CONFERENCE STATEMENT; Case No C 07 5130 MMC

**18.** **Trial**

The parties request a jury trial. Defendants expect that the trial would take 5 – 7 days.

**19.** **Disclosure of Non-party Interested Entities or Persons**

N/A

Date: September 10, 2008                    HOWARD ROME MARTIN & RIDLEY LLP


By:   /s/ Todd H. Master_____
      Todd H. Master
      Attorneys for Defendants


Date: September 10, 2008                    LAW OFFICES OF ERIC M. SAFIRE


By:   /s/ Eric M. Safire_____
      Eric M. Safire
      Attorneys for Plaintiff

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____                           _____
                                            Hon. Maxine M. Chesney
                                            United States District Judge

6

JOINT CASE MANAGEMENT CONFERENCE STATEMENT; Case No C 07 5130 MMC